MICHAEL FAILLACE & ASSOCIATES, P.C.
60 East 42nd Street, Suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
--------------------------------------------------------X
BENITO DORNATES, *individually and on*
*behalf of others similarly situated,*

|  |  |
|---|---|
| *Plaintiff*, | **COMPLAINT** |
| -against- | **COLLECTIVE ACTION UNDER** |
| LENWICH MANAGEMENT LLC  (D/B/A | **29 U.S.C. § 216(b)** |
| LENWICH), LENWICH 83RD LLC  (D/B/A | |
| LENWICH), LENWICH 96TH LLC (D/B/A | **ECF Case** |
| LENWICH), LENNY CHU , ANA DOE , and | |
| ERNESTO DOE , | |
| *Defendants.* | |

--------------------------------------------------------X

Plaintiff Benito Dornates ("Plaintiff Dornates" or "Mr. Dornates"), individually and on behalf of others similarly situated, by and through his attorneys, Michael Faillace & Associates, P.C., upon his knowledge and belief, and as against Lenwich Management LLC (d/b/a Lenwich), Lenwich 83rd LLC (d/b/a Lenwich), Lenwich 96th LLC (d/b/a Lenwich), ("Defendant Corporations"), Lenny Chu,  Ana Doe, and  Ernesto Doe, ("Individual Defendants"), (collectively, "Defendants"), alleges as follows:

## NATURE OF ACTION

1.    Plaintiff Dornates is a former employee of Defendants Lenwich Management LLC (d/b/a Lenwich), Lenwich 83rd LLC (d/b/a Lenwich), Lenwich 96th LLC, Lenny Chu, Ana Doe, and Ernesto Doe.

2.      Defendants own, operate, or control two sandwich delis, located at 469 Columbus Ave, New York, NY 10024 under the name "Lenwich" and at 2567 Broadway, New York, NY 10025 under the name "Lenwich."

3.      Upon information and belief, individual Defendants Lenny Chu, Ana Doe, and Ernesto Doe, serve or served as owners, managers, principals, or agents of Defendant Corporations and, through these corporate entities, operate or operated the delis as a joint or unified enterprise.

4.      Plaintiff Dornates was employed as a delivery worker and general assistant at the delis located at 469 Columbus Ave, New York, NY 10024 and 2567 Broadway, New York, NY 10025.

5.      At all times relevant to this Complaint, Plaintiff Dornates worked for Defendants in excess of 40 hours per week, without appropriate minimum wage, overtime and spread of hours compensation for the hours that he worked.

6.      Rather, Defendants failed to pay Plaintiff Dornates appropriately for any hours worked, either at the straight rate of pay or for any additional overtime premium.

7.      Further, Defendants failed to pay Plaintiff Dornates the required "spread of hours" pay for any day in which he had to work over 10 hours a day.

8.      Defendants' conduct extended beyond Plaintiff Dornates to all other similarly situated employees.

9.      At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Dornates and other employees to work in excess of forty (40) hours per week without providing the minimum wage and overtime compensation required by federal and state law and regulations.

10.      Plaintiff Dornates now brings this action on behalf of himself, and other similarly situated individuals, for unpaid minimum wage and overtime wages pursuant to the Fair Labor

Standards Act of 1938, 29 U.S.C. § 201 *et seq*. ("FLSA"), and for violations of the N.Y. Labor Law §§ 190 *et seq*. and 650 *et seq*. (the "NYLL"), and the "spread of hours" and overtime wage orders of the New York Commissioner of Labor codified at N.Y. COMP. CODES R. & REGS. tit. 12, § 146-1.6 (herein the "Spread of Hours Wage Order"), including applicable liquidated damages, interest, attorneys' fees and costs.

11.    Plaintiff Dornates seeks certification of this action as a collective action on behalf of himself, individually, and all other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

12.    This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question) and the FLSA, and supplemental jurisdiction over Plaintiff Dornates's state law claims under 28 U.S.C. § 1367(a).

13.     Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) because all, or a substantial portion of, the events or omissions giving rise to the claims occurred in this district, Defendants maintain their corporate headquarters and offices within this district, and Defendants operate a sandwich deli located in this district. Further, Plaintiff Dornates was employed by Defendants in this district.

## PARTIES

### *Plaintiff*

14.    Plaintiff Benito Dornates ("Plaintiff Dornates" or "Mr. Dornates") is an adult individual residing in Bronx County, New York.

15.    Plaintiff Dornates was employed by Defendants at Lenwich from approximately 2014 until on or about January 17, 2020.

16.     Plaintiff Dornates consents to being a party plaintiff pursuant to 29 U.S.C. § 216(b), and brings these claims based upon the allegations herein as a representative party of a prospective class of similarly situated individuals under 29 U.S.C. § 216(b).

*Defendants*

17.     At all relevant times, Defendants owned, operated, or controlled two sandwich delis, located at 469 Columbus Ave, New York, NY 10024 under the name "Lenwich" and at 2567 Broadway, New York, NY 10025 under the name "Lenwich".

18.     Upon information and belief, Lenwich Management LLC (d/b/a Lenwich) is a domestic corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 469 Columbus Ave, New York, NY 10024.

19.     Upon information and belief, Lenwich 83rd LLC (d/b/a Lenwich) is a domestic corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 469 Columbus Ave, New York, NY 10024.

20.     Upon information and belief, Lenwich 96th LLC (d/b/a Lenwich) is a domestic corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 2567 Broadway, New York, NY 10025.

21.     Defendant Lenny Chu is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Lenny Chu is sued individually in his capacity as owner, officer and/or agent of Defendant Corporations. Defendant Lenny Chu possesses operational control over Defendant Corporations, an ownership interest in Defendant Corporations, and controls significant functions of Defendant Corporations. He determines the wages and compensation of the employees of Defendants, including Plaintiff Dornates, establishes

the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

22.    Defendant Ana Doe is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Ana Doe is sued individually in her capacity as a manager of Defendant Corporations. Defendant Ana Doe possesses operational control over Defendant Corporations and controls significant functions of Defendant Corporations. She determines the wages and compensation of the employees of Defendants, including Plaintiff Dornates, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

23.    Defendant Ernesto Doe is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Ernesto Doe is sued individually in his capacity as a manager of Defendant Corporations. Defendant Ernesto Doe possesses operational control over Defendant Corporations and controls significant functions of Defendant Corporations. He determines the wages and compensation of the employees of Defendants, including Plaintiff Dornates, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

## FACTUAL ALLEGATIONS

*Defendants Constitute Joint Employers*

24.    Defendants operate two sandwich delis located in multiple neighborhoods in Manhattan.

25.    Individual Defendants, Lenny Chu, Ana Doe, and Ernesto Doe, possess operational control over Defendant Corporations, possess ownership interests in Defendant Corporations, or control significant functions of Defendant Corporations.

26.     Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

27.     Each Defendant possessed substantial control over Plaintiff Dornates's (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiff Dornates, and all similarly situated individuals, referred to herein.

28.     Defendants jointly employed Plaintiff Dornates (and all similarly situated employees) and are Plaintiff Dornates's (and all similarly situated employees') employers within the meaning of 29 U.S.C. 201 *et seq*. and the NYLL.

29.     In the alternative, Defendants constitute a single employer of Plaintiff Dornates and/or similarly situated individuals.

30.     Upon information and belief, Individual Defendant Lenny Chu operate Defendant Corporations as either alter egos of  himself and/or failed to operate Defendant Corporations as entities legally separate and apart from himself, by among other things:

   a)  failing to adhere to the corporate formalities necessary to operate Defendant Corporations as Corporations,

   b)  defectively forming or maintaining the corporate entities of Defendant Corporations, by, amongst other things, failing to hold annual meetings or maintaining appropriate corporate records,

   c)  transferring assets and debts freely as between all Defendants,

   d)  operating Defendant Corporations for his own benefit as the sole or majority shareholder,

   e)  operating Defendant Corporations for his own benefit and maintaining control over these corporations as closed Corporations,

f)  intermingling assets and debts of his own with Defendant Corporations,

g)  diminishing and/or transferring assets of Defendant Corporations to avoid full liability as necessary to protect his own interests, and

h)  Other actions evincing a failure to adhere to the corporate form.

31.    At all relevant times, Defendants were Plaintiff Dornates's employers within the meaning of the FLSA and New York Labor Law. Defendants had the power to hire and fire Plaintiff Dornates, controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for Plaintiff Dornates's services.

32.    In each year from 2014 to 2020, Defendants, both separately and jointly, had a gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

33.    In addition, upon information and belief, Defendants and/or their enterprise were directly engaged in interstate commerce. As an example, numerous items that were used in the delis on a daily basis are goods produced outside of the State of New York.

### Individual Plaintiff

34.    Plaintiff Dornates is a former employee of Defendants who was employed as a delivery worker and general assistant.

35.    Plaintiff Dornates seeks to represent a class of similarly situated individuals under 29 U.S.C. 216(b).

### Plaintiff Benito Dornates

36.    Plaintiff Dornates was employed by Defendants from approximately 2014 until on or about January 17, 2020.

37.    Defendants employed Plaintiff Dornates as a delivery worker and general assistant.

38.     Plaintiff Dornates regularly handled goods in interstate commerce, such as food and other supplies produced outside the State of New York.

39.     Plaintiff Dornates's work duties required neither discretion nor independent judgment.

40.     From approximately February 2014 until on or about August 2016, Plaintiff Dornates worked from approximately 12:00 p.m. until on or about 10:00 p.m. to 11:00 p.m., Mondays through Fridays (typically 50 to 51 hours per week).

41.     From approximately September 2016 until on or about May 2018, Plaintiff Dornates worked from approximately 1:30 p.m. until on or about 9:00 p.m. to 10:00 p.m., Mondays through Fridays (typically 37.5 to 38.5 hours per week).

42.     From approximately June 2018 until on or about January 17, 2020, Plaintiff Dornates worked from approximately 1:30 p.m. until on or about 9:00 p.m. to 12:00 a.m., Mondays through Fridays (typically 37.5 to 40.5 hours per week).

43.     From approximately February 2014 until on or about December 2018, Plaintiff Dornates worked for one week out of the months at the 96th St. location from approximately 1:30 p.m. until on or about 9:00 p.m. Mondays through Fridays (typically 37.5 hours per week).

44.     Throughout his employment, Defendants paid Plaintiff Dornates his wages by check.

45.     From approximately February 2014 until on or about December 2014, Defendants paid Plaintiff Dornates $11.00 per hour.

46.     From approximately January 2015 until on or about December 2017, Defendants paid Plaintiff Dornates $13.00 per hour.

47.     From approximately January 2018 until on or about December 2018, Defendants paid Plaintiff Dornates $13.50 per hour.

48.     From approximately January 1, 2019 until on or about January 17, 2020, Defendants paid Plaintiff Dornates $15.00 per hour.

49.     Defendants did not pay Plaintiff Dornates's any wages for his final week of work.

50.     Plaintiff Dornates's pay did not vary even when he was required to stay later or work a longer day than his usual schedule.

51.     Defendants required Plaintiff Dornates to work additional time and did not pay him. Specifically, Plaintiff Dornates was required to work 1 hour past his scheduled departure time, once a week, three times a month, from approximately February 2014 until on or about May 2018 and 3 hours past his scheduled departure time from approximately June 2018 until on or about January 17, 2019 and did not pay him for the additional time he worked.

52.     Defendants never granted Plaintiff Dornates any breaks or meal periods of any kind.

53.     Although Plaintiff Dornates was required to keep track of his time, Defendants required him to record fewer hours than he actually worked. As a result, Plaintiff Dornates was not compensated for all of the hours that he worked.

54.     On a number of occasions, Defendants required Plaintiff Dornates to sign a document, the contents of which he was not allowed to review in detail.

55.     No notification, either in the form of posted notices or other means, was ever given to Plaintiff Dornates regarding overtime and wages under the FLSA and NYLL.

56.     Defendants did not provide Plaintiff Dornates an accurate statement of wages, as required by NYLL 195(3).

57.     Defendants did not give any notice to Plaintiff Dornates, in English and in Spanish (Plaintiff Dornates's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

58.     Defendants required Plaintiff Dornates to purchase "tools of the trade" with his own funds—including bicycle wheels and a bicycle camera.

*Defendants' General Employment Practices*

59.     At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Dornates (and all similarly situated employees) to work in excess of 40 hours a week without paying him appropriate minimum wage, spread of hours pay and overtime compensation as required by federal and state laws.

60.     Plaintiff Dornates was a victim of Defendants' common policy and practices which violate his rights under the FLSA and New York Labor Law by, *inter alia*, not paying him the wages he was owed for the hours he worked.

61.     Defendants habitually required Plaintiff Dornates to work additional hours beyond his regular shifts but did not provide him with any additional compensation.

62.     Defendants' time keeping system did not reflect the actual hours that Plaintiff Dornates worked.

63.     On a number of occasions, Defendants required Plaintiff Dornates to sign a document the contents of which he was not allowed to review in detail. Defendants failed to post at the workplace, or otherwise provide to employees, the required postings or notices to employees regarding the applicable wage and hour requirements of the FLSA and NYLL.

64.     Upon information and belief, these practices by Defendants were done willfully to disguise the actual number of hours Plaintiff Dornates (and similarly situated individuals) worked, and to avoid paying Plaintiff Dornates properly for his full hours worked.

65.     Defendants engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation by knowingly violating the FLSA and NYLL.

66.     Defendants' unlawful conduct was intentional, willful, in bad faith, and caused significant damages to Plaintiff Dornates and other similarly situated former workers.

67.     Defendants failed to provide Plaintiff  Dornates and other employees with accurate wage statements at the time of their payment of wages, containing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL §195(3).

68.     Defendants failed to provide Plaintiff Dornates and other employees, at the time of hiring and on or before February 1 of each subsequent year, a statement in English and the employees' primary language, containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by New York Labor Law §195(1).

## FLSA COLLECTIVE ACTION CLAIMS

69.      Plaintiff Dornates brings his FLSA minimum wage, overtime compensation and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all similarly situated persons (the "FLSA Class members"), i.e., persons who are or were employed by Defendants or any of them, on or after the date that is three years before the filing of the complaint in this case (the "FLSA Class Period").

70.     At all relevant times, Plaintiff Dornates and other members of the FLSA Class were similarly situated in that they had substantially similar job requirements and pay provisions, and have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans including willfully failing and refusing to pay them the required minimum wage and overtime pay at a one and one-half their regular rates for work in excess of forty (40) hours per workweek under the FLSA under the FLSA.

71.     The claims of Plaintiff Dornates stated herein are similar to those of the other employees.

## FIRST CAUSE OF ACTION

## VIOLATION OF THE MINIMUM WAGE PROVISIONS OF THE FLSA

72.     Plaintiff Dornates repeats and realleges all paragraphs above as though fully set forth herein.

73.     At all times relevant to this action, Defendants were Plaintiff Dornates's employers within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d).  Defendants had the power to hire and fire Plaintiff Dornates (and the FLSA Class Members), controlled the terms and conditions of their employment, and determined the rate and method of any compensation in exchange for their employment.

74.     At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

75.     Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203 (r-s).

76.     Defendants failed to pay Plaintiff Dornates (and the FLSA Class members) at the applicable minimum hourly rate, in violation of 29 U.S.C. § 206(a).

77.     Defendants' failure to pay Plaintiff Dornates (and the FLSA Class members) at the applicable minimum hourly rate was willful within the meaning of 29 U.S.C. § 255(a).

78.     Plaintiff Dornates (and the FLSA Class members) were damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION

### VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA

79.     Plaintiff Dornates repeats and realleges all paragraphs above as though fully set forth herein.

80.     Defendants, in violation of 29 U.S.C. § 207(a)(1), failed to pay Plaintiff Dornates (and the FLSA Class members) overtime compensation at a rate of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

81.     Defendants' failure to pay Plaintiff Dornates (and the FLSA Class members), overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

82.     Plaintiff Dornates (and the FLSA Class members) were damaged in an amount to be determined at trial.

## THIRD CAUSE OF ACTION

### VIOLATION OF THE NEW YORK MINIMUM WAGE ACT

83.      Plaintiff Dornates repeats and realleges all paragraphs above as though fully set forth herein.

84.     At all times relevant to this action, Defendants were Plaintiff Dornates's employers within the meaning of the N.Y. Lab. Law §§ 2 and 651.  Defendants had the power to hire and fire Plaintiff Dornates, controlled the terms and conditions of his employment, and determined the rates and methods of any compensation in exchange for his employment.

85.     Defendants, in violation of NYLL § 652(1) and the supporting regulations of the New York State Department of Labor, paid Plaintiff Dornates less than the minimum wage.

86.     Defendants' failure to pay Plaintiff Dornates the minimum wage was willful within the meaning of N.Y. Lab. Law § 663.

87.     Plaintiff Dornates was damaged in an amount to be determined at trial.

## FOURTH CAUSE OF ACTION

### VIOLATION OF THE OVERTIME PROVISIONS

### OF THE NEW YORK STATE LABOR LAW

88.      Plaintiff Dornates repeats and realleges all paragraphs above as though fully set forth herein.

89.     Defendants, in violation of N.Y. Lab. Law § 190 *et seq.*, and supporting regulations of the New York State Department of Labor, failed to pay Plaintiff Dornates  overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

90.     Defendants' failure to pay Plaintiff Dornates overtime compensation was willful within the meaning of N.Y. Lab. Law § 663.

91.     Plaintiff Dornates was damaged in an amount to be determined at trial.

## FIFTH CAUSE OF ACTION

### VIOLATION OF THE SPREAD OF HOURS WAGE ORDER

### OF THE NEW YORK COMMISSIONER OF LABOR

92.      Plaintiff Dornates repeats and realleges all paragraphs above as though fully set forth herein.

93.     Defendants failed to pay Plaintiff Dornates one additional hour's pay at the basic minimum wage rate before allowances for each day Plaintiff Dornates's spread of hours exceeded ten hours in violation of NYLL §§ 650 *et seq*. and 12 N.Y.C.R.R. §§ 146-1.6.

94.     Defendants' failure to pay Plaintiff Dornates an additional hour's pay for each day Plaintiff Dornates's spread of hours exceeded ten hours was willful within the meaning of NYLL § 663.

95.     Plaintiff Dornates was damaged in an amount to be determined at trial.

## SIXTH CAUSE OF ACTION

### VIOLATION OF THE NOTICE AND RECORDKEEPING

### REQUIREMENTS OF THE NEW YORK LABOR LAW

96.      Plaintiff Dornates repeats and realleges all paragraphs above as though fully set forth herein.

97.     Defendants failed to provide Plaintiff Dornates with a written notice, in English and in Spanish (Plaintiff Dornates's primary language), containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by NYLL §195(1).

98.     Defendants are liable to Plaintiff Dornates in the amount of $5,000, together with costs and attorneys' fees.

## SEVENTH CAUSE OF ACTION

### VIOLATION OF THE WAGE STATEMENT PROVISIONS

### OF THE NEW YORK LABOR LAW

99.      Plaintiff Dornates repeats and realleges all paragraphs above as though fully set forth herein.

yKqz

100.     With each payment of wages, Defendants failed to provide Plaintiff Dornates with an accurate statement listing each of the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL 195(3).

101.     Defendants are liable to Plaintiff Dornates in the amount of $5,000, together with costs and attorneys' fees.

## EIGHTH CAUSE OF ACTION

### RECOVERY OF EQUIPMENT COSTS

102.     Plaintiff Dornates repeats and realleges all paragraphs above as though fully set forth herein.

103.     Defendants required Plaintiff Dornates to pay, without reimbursement, the costs and expenses for purchasing and maintaining equipment and "tools of the trade" required to perform his job, further reducing his wages in violation of the FLSA and NYLL.  29 U.S.C. § 206(a); 29 C.F.R. § 531.35; N.Y. Lab. Law §§ 193 and 198-b.

104.     Plaintiff Dornates was damaged in an amount to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Dornates respectfully requests that this Court enter judgment against Defendants by:

(a)     Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members apprising them of the pendency

of this action, and permitting them to promptly file consents to be Plaintiffs in the FLSA claims in this action;

(b)     Declaring that Defendants violated the minimum wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Dornates and the FLSA Class members;

(c)     Declaring that Defendants violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Dornates and the FLSA Class members;

(d)     Declaring that Defendants violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiff Dornates's and the FLSA Class members' compensation, hours, wages, and any deductions or credits taken against wages;

(e)     Declaring that Defendants' violations of the provisions of the FLSA were willful as to Plaintiff Dornates and the FLSA Class members;

(f)     Awarding Plaintiff Dornates and the FLSA Class members damages for the amount of unpaid MINIMUM WAGE AND overtime compensation and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

(g)     Awarding Plaintiff Dornates and the FLSA Class members liquidated damages in an amount equal to 100% of his damages for the amount of unpaid MINIMUM WAGE AND overtime compensation, and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(h)     Declaring that Defendants violated the minimum wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Dornates;

(i)     Declaring that Defendants violated the overtime wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Dornates;

(j)      Declaring that Defendants violated the spread-of-hours requirements of the NYLL and supporting regulations as to Plaintiff Dornates;

(k)      Declaring that Defendants violated the notice and recordkeeping requirements of the NYLL with respect to Plaintiff Dornates's compensation, hours, wages and any deductions or credits taken against wages;

(l)      Declaring that Defendants' violations of the provisions of the NYLL and spread of hours wage order were willful as to Plaintiff Dornates;

(m)      Awarding Plaintiff Dornates damages for the amount of unpaid MINIMUM WAGE AND overtime compensation, and for any improper deductions or credits taken against wages, as well as awarding spread of hours pay under the NYLL as applicable

(n)      Awarding Plaintiff Dornates damages for Defendants' violation of the NYLL notice and recordkeeping provisions, pursuant to NYLL §§198(1-b), 198(1-d);

(o)      Awarding Plaintiff Dornates liquidated damages in an amount equal to one hundred percent (100%) of the total amount of MINIMUM WAGE AND overtime compensation and spread of hours pay shown to be owed pursuant to NYLL § 663 as applicable; and liquidated damages pursuant to NYLL § 198(3);

(p)      Awarding Plaintiff Dornates and the FLSA Class members pre-judgment and post-judgment interest as applicable;

(q)      Awarding Plaintiff Dornates and the FLSA Class members the expenses incurred in this action, including costs and attorneys' fees;

(r)      Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

(s)      All such other and further relief as the Court deems just and proper.

## **JURY DEMAND**

Plaintiff Dornates demands a trial by jury on all issues triable by a jury.

Dated:  New York, New York
        February 11, 2020

                                        MICHAEL FAILLACE & ASSOCIATES, P.C.

                 By:      /s/ Michael Faillace
                       Michael Faillace [MF-8436]
                       60 East 42nd Street, Suite 4510
                       New York, New York 10165
                       Telephone: (212) 317-1200
                       Facsimile: (212) 317-1620
                       *Attorneys for Plaintiff*