UNITED   STATES   DISTRICT   COURT
SOUTHERN DISTRICT OF NEW YORK

Benito Dornates, *individually and on behalf of others similarly situated,*

20-cv-04535-JPO

**SETTLEMENT AGREEMENT**
**AND RELEASE**

Plaintiff,

-against-

LENWICH   MANAGEMENT   LLC   (D/B/A
LENWICH),   LENWICH   83RD   LLC   (D/B/A
LENWICH),   LENWISH   96TH   LLC   (D/B/A
LENWICH), LENNY CHU, ANA DOE AND
ERNESTO DOE

This Settlement Agreement and General Release of Claims ("Agreement") is entered into by and among Plaintiff Benito Dornates ("Plaintiff") on the one hand, and Lenwich Management LLC, Lenwich 83rd LLC and Lenwich 96th LLC (the "Defendants"), on the other hand.

WHEREAS, Plaintiff alleges that he worked for Defendants as an employee; and

WHEREAS, a dispute has arisen regarding Plaintiffs alleged employment and the terms thereof, which dispute has resulted in the filing of an action in the United States District Court for the Southern District of New York, Civil Action No: 20-cv-04535-JPO   (hereinafter "the Litigation"), alleging, among other things, a violation of federal and state wage and hour and overtime laws;

WHEREAS, Defendants deny any violation of federal and state wage and hour and overtime laws; and

WHEREAS, the parties desire to resolve all disputes between them without the necessity of further litigation;

NOW, THEREFORE, in consideration of the mutual covenants and promises herein contained and other good and valuable consideration, receipt of which is hereby acknowledged, it is hereby agreed as follows:

1. <u>Payment:</u> Defendants shall pay or cause to be paid to Plaintiff, subject to the terms and conditions of this Agreement, and as full, complete, and final settlement and final satisfaction of any and all claims or potential claims identified in paragraph 3 of this Agreement Plaintiff may have against Defendants through the Effective Date of this Agreement, including all counsel fees and

costs incurred by Plaintiffs, the gross sum of $17,500.00 (the "Settlement Amount") to be paid within fourteen days of approval by the Court as follows and forwarded to Michael Faillace & Associates, P.C.:

    a)   one check in the amount of $11,725.00 made payable to Benito Dorantes;
    b)   one check in the amount of $5,775.00 made payable to Michael Faillace & Associates, P.C.

    2.   <u>Release and Covenant Not To Sue:</u> Plaintiff hereby irrevocably and unconditionally releases from and forever discharges and covenants not to sue Defendants, and for each of them, their owners, heirs, successors and assigns from any and all charges, complaints, claims, causes of action, suits, debts, liens, contracts, rights, demands, controversies, losses, costs and or expenses, including legal fees, known or unknown, suspected or unsuspected, whether fixed or contingent (hereinafter referred to as "claim" or "claims") which Plaintiff at any time has, had, claims or claimed to have against Defendants that have occurred as of the Effective Date of this Agreement, for claims arising under the Fair Labor Standards Act, New York Labor Law, or any other law, regulation, or ordinance regulating the payment of wages, including all claims set forth in the Action, all claims of unpaid compensation, unpaid minimum wage, unpaid overtime, unpaid commissions, unpaid bonuses, unpaid tips, improper deductions, unpaid spread of hours, unpaid fringe benefits (including any vacation, paid time off, and sick pay), unpaid deferred payment, unpaid accrued benefit time, liquidated damages, unpaid reimbursement of equipment cost, statutory penalties (including all alleged damages or penalties due to improper wage notices, improper wage statements, and/or timely payment provisions). This Release shall include any and all claims alleged by Plaintiff in this Action.

    3.   <u>No Admission of Wrongdoing:</u> This Agreement and compliance with this Agreement shall not be construed as an admission by Defendants of any liability whatsoever, or of any violation of any statute, regulation, duty, contract, right or order.

    4.   <u>Dismissal of the Litigation:</u> Plaintiff shall file with the Court in this litigation, within seven (7) days of Court approval of the settlement of this matter, a Notice of Voluntary Dismissal with Prejudice. In the event that additional documentation is needed to terminate the Litigation, Plaintiff shall execute and submit all documents required to terminate such proceedings.

    5.   <u>Modification of the Agreement:</u> This Agreement may not be changed unless the changes are in writing and signed by a proper representative of Plaintiff and Defendants.

    6.   <u>Acknowledgments:</u> Plaintiff acknowledges that he has been fully and fairly represented by counsel in this matter. Defendants acknowledge that they have consulted with counsel for the purpose of this Agreement. Plaintiff and Defendants acknowledge that they are not relying upon any statement, representation or promise in executing this Agreement except for statements, representations or promises expressly set forth in this Agreement. They further acknowledge and agree that the only consideration for signing this Agreement is as set forth in this Agreement.

     7.    <u>Notices:</u> Notices required under this Agreement shall be in writing and shall be deemed given on the first business day following first-class mailing and e-mail transmission thereof. Notice hereunder shall be delivered to:

> Plaintiff:
> Michael Faillace
> Michael Faillace & Associates, P.C.
> 60 East 42nd Street
> Suite 4510
> New York, NY 10165
> Tel: 212-317-1200
> Fax: 212-317-1620
> Email: michael@faillacelaw.com
>
> Defendants:
> Richard Ian Greenberg
> Jackson Lewis P.C.
> 666 Third Avenue
> New York, NY 10017
> Tel: 212-545-4080
> Fax: 212-972-3213
> Email: Richard.Greenberg@jacksonlewis.com

     8.    <u>Governing Law:</u> This Agreement shall be governed by, and interpreted in accordance with, the laws of the State of New York, excluding the conflict-of-laws principles thereof. The parties consent and stipulate to the personal jurisdiction of the United States District Court for the Southern District of New York and the Supreme Court of the State of New York in any subsequent proceeding to enforce this Agreement.

     9.    <u>Enforceability:</u> If any provision of this Agreement is held to be illegal, void, or unenforceable, such provision shall be of no force or effect. However, the illegality or unenforceability of such provision shall have no effect upon, and shall not impair the legality or enforceability of, any other provision of this Agreement, provided, however, that upon any finding by a court of competent jurisdiction that a release or waiver of claims or rights or a covenant set forth herein is illegal, void or unenforceable, Plaintiff agrees to promptly execute a release, waiver and/or covenant that is legal and enforceable.

     10.    <u>Release Notification:</u> Defendants advised Plaintiff to discuss the terms of this Agreement and General Release of claims with their legal counsel and Plaintiff acknowledges that he has consulted with Michael Faillace, Esq. of Michael Faillace & Associates, P.C., Plaintiff acknowledges that it is his choice to waive any potential claims in return for the benefits set forth herein and that he made this decision after careful thought and a reasonable period of time to consider

this Agreement, and after an opportunity to consult with his attorneys. Plaintiff confirms he understands the terms of this Agreement and that he is signing this Agreement voluntarily.

11. <u>Counterparts:</u> To signify their agreement to the terms of this Agreement and General Release, the parties have executed this Agreement on the date set forth opposite their signatures, which appear below. This Agreement may be executed in two or more counterparts and each of such counterparts, for all purposes, shall be deemed to be an original but all of such counterparts together shall constitute but one and the same instrument, binding upon all parties hereto, notwithstanding that all of such parties may not have executed the same counterpart. This agreement may also be executed by facsimile transmission.

**Plaintiff:**

Date: _24/5/21_    By: _____
                          Benito Dornates

**Defendants:**

Lenwich Management LLC

Date: _5/25/21_    By: _____

Lenwich 83rd LLC and Lenwich 96th LLC

Date: _5/25/21_    By: _____